# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. ROBERT JELLINEK,<br><br>                    Plaintiff,<br>vs.<br><br>ADVANCE PRODUCTS & SYSTEMS, INC.; and WILLIAM "TOM" FORLANDER,<br><br>                    Defendants. | CASE NO. 10cv1226 JM(WMC)<br><br>ORDER GRANTING MOTION TO REMAND; DENYING MOTION FOR COSTS AND FEES' |

Plaintiff L. Robert Jellinek moves to remand this action to state court and for an award of costs associated with the filing of the present motion. Defendants Advance Products & Systems, Inc. ("APS") and William "Tom" Forlander ("Forlander") oppose the motion. Pursuant to Local Rule 7.1(d)(1), the court finds this matter appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to remand and denies the motion for costs and fees.

## BACKGROUND

On July 29, 2009 Plaintiff commenced a state court action against his former employer, Defendants APS and Forlander, alleging age, disability, and race discrimination, defamation, and nonpayment of wages. Defendants APS and Forlander were served with the original complaint on September 28, 2009. ( Motion, Exhs. 2, 3). On November 2, 2009, Forlander filed a motion to quash service of summons, claiming a lack of personal jurisdiction, (Motion, Exh. 5), which was denied by the Superior Court on December 4, 2009, and by the California Supreme Court on April 14, 2010.

1  (Oppo. Exh. H).

2  On March 8, 2010, Jellinek served APS with the First Amended Complaint ("FAC"). (Motion,
3  Exh. 10).  Then, on May 25, 2010, Forlander was served with the amended complaint. (Oppo. Ex.
4  I).  Shortly thereafter, on June 9, 2010, Defendants filed a Notice of Removal to federal court under
5  28 U.S.C. § 1441.  (Ct. Dkt. 1).

6  Plaintiff, in an opposed motion, moves to remand the action to state court on the ground that
7  Defendants removed the case to federal court outside the 30-day time period of 28 U.S.C. §1446(b).

8

## DISCUSSION

**The Motion to Remand**

A defendant seeking to remove an action from state court must file a Notice of Removal

> within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. §1446(a). The first 30-day period for removal only applies if the case stated by the initial pleadings is "removable on its face" as found within the "four corners of the document."  Harris v. Bankers Life and Cas. Co., 425 F. 3d 689, 694 (9th Cir. 2005).  Defendants have the burden to establish federal removal jurisdiction. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).  For purposes of removal jurisdiction, the time for removal commences when the defendant is able to "intelligently ascertain" that plaintiff's claim exceeds $75,000.  Huffman v. Saul Holdings Ltd., 194F.3d 1072, 1078-79 (10th Cir. 1999).  Any doubt concerning removal jurisdiction is construed against the removing party.  Gaus v. Miles, Inc. 980 F.2d 564, 566 (9th Cir. 1992).

The court concludes that the prerequisites for diversity jurisdiction were satisfied as of the September 28, 2009 service date such that the 30-day period of removal commenced on that date.

1  Defendants removed this action based on diversity jurisdiction, which is governed by 28 U.S.C. §
2  1332. In order to qualify for diversity jurisdiction, § 1332(a) requires that the parties to the case are
3  citizens of different states and the amount in controversy exceeds $75,000. Here, neither party
4  disputes that they are citizens of different states. The amount in controversy alleged in the original
5  complaint, however, does not identify a specific amount in controversy. However, in light of litigation
6  realities, it is facially apparent that the amount in controversy likely exceeded the $75,000 amount in
7  controversy requirement. Plaintiff seeks monetary damages for wrongful termination and seeks
8  compensatory and punitive damages (including loss of pay, fringe benefits, impaired earning capacity,
9  and emotional distress) as well as attorney's fees. See Luckett v. Delta Airline, Inc., 171 F.3d 295,
10 298 (5th Cir. 1999) (although damages not alleged in the complaint, it is facially apparent that tort
11 claim for loss of property, travel expenses, pain and suffering, inability to perform housework and six-
12 day hospital stay are likely to exceed $75,000); White v. FCI USA, Inc., 319 F.3d 672, 674 (9th Cir.
13 2003). Accordingly, Defendant's removal on June 9, 2010 is untimely and the court remands the
14 action to state court.

15      In the alternative, the court concludes that the March 8, 2010 service of the First Amended
16 Complaint ("FAC") on Defendant APS triggered the 30-day removal period such that the filing of the
17 Notice of Removal on June 9, 2010 was untimely. Defendants acknowledge that the FAC sufficiently
18 placed them on notice that the amount in controversy exceed the jurisdictional minimum of 28 U.S.C.
19 §1332.[1]   (Oppo. at p.10:10-14). The court rejects Defendants' argument that the amount in
20 controversy became certain only when (1) Defendant Forlander's challenge to personal jurisdiction
21 was rejected by the California Supreme Court and (2) he was served with the FAC. On April 14,
22 2010, the California Supreme Court rejected Defendant Forlander's appeal from the order quashing
23 service.[2] Even assuming the April 14, 2010 date triggers the removal period, the filing of the Notice
24 of Removal on June 9, 2010 is untimely. The court also rejects Defendants' argument that the time

---

[1]. During the prosecution of the action in state court, Plaintiff produced discovery responses between January 28, 2010 and February 3, 2010 indicating that the wage claim alone, without including other compensatory damages, punitive damages, and attorney's fees, exceeded $46,000. (Freestone Decl. ¶3).

[2] Assuming subject matter jurisdiction, the court notes that issues of personal jurisdiction could have been raised before this court.

for removal did not begin until Forlander was served with the FAC on May 25, 2010. The removal period commences upon "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim." 28 U.S.C. §1446(a). Here, Defendant Forlander was personally served with the original complaint on September 28, 2009. Further, Plaintiff served counsel for both Defendants with the FAC on March 8, 2010 (even though the parties represent that only APS was served with an amended summons and complaint).[3] The court concludes that Defendant Forlander received "though service or otherwise" the FAC on March 8, 2010, the date his counsel was served with the FAC. Accordingly, the filing of the June 9, 2010 Notice of Removal is untimely, and the court remands the action to state court.

Finally, given the relationship between Defendants, the court notes that the first-served rule is appropriately applied under the present circumstances. See United Computer Systems, Inc. v. AT & T Corp., 298 F.3d 756 (9th Cir. 2002); McAnally Enterprises, Inc. V. McAnally, 107 F.Supp.2d 1223 (C.D. Cal. 2000) (collecting cases dealing with the first-served rule). Because Forlander is the president of APS, he was well aware of the original complaint and the FAC filed by Plaintiff. Furthermore, there is no evidence that Plaintiff fraudulently joined Forlander or APS in an attempt to exploit the rules governing removal. Instead, Forlander appears to be using the legal difference between his individual capacity and the corporate status of APS to extend the time frame for removal.

In sum, the court grants the motion to remand the action.

**Motion for Costs and Fees**

Plaintiff moves for an award of costs and fees associated with this motion to remand. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, the court denies the motion for an award of costs and fees because two of the issues central to the case are unclear. The first ambiguity was the result of the Ninth Circuit's split in authority on when the 30-day period for filing a notice of removal begins tolling. APS and Forlander

---

[3] The court specifically does not address whether California law requires personal service of an amended pleading and summons.

1  should not be held responsible for a split in Ninth Circuit authority.  The second ambiguity was caused
2  by Plaintiff's failure to allege an amount in controversy in the initial and amended complaints, and
3  given this lack of clarity it cannot be said that defendants lacked an objectively reasonable basis for
4  seeking removal.

5       In sum, the court grants the motion to remand and denies the motion for costs and fees.

6  **IT IS SO ORDERED.**

7  DATED: August 24, 2010

8  _____
   Hon. Jeffrey T. Miller
9     United States District Judge

cc:      All parties